**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>Plaintiff,<br><br>vs.<br><br>Marshall Home; Independent Rights Party,<br><br>Defendants. | No. CV-11-1227-PHX DGC<br><br>**ORDER** |

Plaintiff Federal National Mortgage Association, commonly known as "Fannie Mae," claims that Marshall Home, founder of the Independent Rights Party ("IRP"), has fraudulently executed and recorded "special warranty deeds" which purport to transfer title to multiple properties owned by Plaintiff to IRP. Doc. 1. Plaintiff has filed an ex parte motion for a temporary restraining order ("TRO") enjoining Defendants from using Plaintiff's name or variations thereof, and from taking further action to effect title to real properties owned by Plaintiff. Doc. 4.

The issuance of a TRO without notice is governed by Rule 65 of the Federal Rules of Civil Procedure. Pursuant to that rule, the Court may issue a TRO without notice only where specific facts in an affidavit or a verified complaint show that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant's attorney certifies to the court in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ.

P. 65(b)(1). Plaintiff does not meet, or even address, this standard. Plaintiff notes only that it seeks an ex parte TRO "due to the fact that a fully noticed motion would give Defendants the time and opportunity to continue harming Plaintiff's interests[.]" Doc. 4 at 1 n.1. This conclusory statement does not justify ex parte relief. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974). Perhaps recognizing this deficiency, Plaintiff states that although it seeks an ex parte hearing, it "will attempt to contact Defendant to provide oral notice of the time and location of the hearing[.]" Doc. 4 at 1 n.1.

Plaintiff's motion for a TRO will be denied to the extent it seeks ex parte relief. A hearing on the motion will be set for **June 30, 2011 at 1:00 p.m.** Plaintiff promptly shall provide Defendants with oral notice of the hearing and with copies of the complaint, the motion for TRO, and this order.

Plaintiff is advised that it has set forth an incorrect standard for the issuance of preliminary injunctive relief. *See* Doc. 4 at 3. The mere "possibility" of irreparable harm is not sufficient. The Supreme Court has made clear that to obtain preliminary injunctive relief, the plaintiff "must establish that he is *likely* to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (emphasis added). While the test still includes a "sliding scale" approach in this Circuit – that is, a showing of "serious questions going to the merits" and that the "balance of hardships tips sharply in [the plaintiff's] favor" – the plaintiff must also satisfy the other *Winter* factors, including the likelihood of irreparable harm. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

**IT IS ORDERED:**

1. Plaintiff's ex parte motion for temporary restraining order (Doc. 4) is

**denied in part** to the extent it seeks ex parte relief.

2. A hearing on the motion is set for **June 30, 2011 at 1:00 p.m.** in Courtroom 603, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

3. Plaintiff promptly shall provide Defendants with oral notice of the hearing and copies of the complaint, the motion for TRO, and this order.

Dated this 23rd day of June, 2011.

_____
David G. Campbell
United States District Judge