**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>Plaintiff,<br><br>vs.<br><br>Marshall Home; Independent Rights Party,<br><br>Defendants. | No. CV-11-1227-PHX-DGC<br><br>**ORDER AND PRELIMINARY INJUNCTION** |

Plaintiff Federal National Mortgage Association ("Fannie Mae") claims that Marshall Home, founder of the Independent Rights Party ("IRP"), has fraudulently executed and recorded special warranty deeds which purport to transfer to IRP the titles to multiple properties owned by Fannie Mae. Doc. 1. Fannie Mae filed an ex parte motion for a temporary restraining order ("TRO") and preliminary injunction. Doc. 4. The Court denied the motion to the extent it sought ex parte relief, set a hearing for June 30, 2011, and directed Fannie Mae to provide Defendants with notice of the hearing and copies of the complaint and motion. Doc. 29. Mr. Home has filed a pro se motion to dismiss. Doc. 33.[1] Fannie Mae has filed a supplemental brief in support its motion.

---

[1] Mr. Home purported to file the motion to dismiss on behalf of himself and Defendant IRP, but only licensed attorneys may represent corporations and other entities in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). As a result, the motion to dismiss is deemed filed only on behalf of Mr. Home.

Doc. 36. Fannie Mae appeared at the June 30 hearing through counsel, Mr. Home represented himself and appeared by telephone, and IRP did not appear through counsel.

The Court found at the hearing that Fannie Mae is likely to succeed on its claim that Defendants are prohibited by federal law from appropriating or otherwise attempting to use the name Federal National Mortgage Association. "In 12 U.S.C. § 1723a(e), Congress provided [for] an action to enjoin the unauthorized use of the words 'Federal National Mortgage Association[.]'" *Siddiqui v. United States*, 359 F.3d 1200, 1203-04 (9th Cir. 2004). For reasons stated in detail on the record at the hearing, the Court also found that Fannie Mae has met the other requirements for preliminary injunctive relief. *See* Fed. R. Civ. P. 65; *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). The Court therefore granted Fannie Mae's motion for injunctive relief. Doc. 4. Because Fannie Mae and Mr. Home agreed at the hearing that the hearing would address Fannie Mae's request for both a TRO and preliminary injunction, and IRP was not present to oppose Fannie Mae's motion, the Court will enter a preliminary injunction.

The Court will also deny Mr. Home's motion to dismiss. Mr. Home argues that Fannie Mae lacks standing to seek relief from this Court for two reasons. He first claims that Fannie Mae is not authorized to do business in Arizona (Doc. 33 at 1), but that is not required for Fannie Mae to have standing. Section 1723a(a) explicitly provides that Fannie Mae "shall have power" (1) to "sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal," and (2) to "conduct its business without regard to any qualification or similar statute in any State of the United States[.]" 12 U.S.C. § 1723a(a); *see* 12 U.S.C. § 1717(a)(2). Citing § 1723a(a), this Circuit has noted that Fannie Mae "is exempt from having to qualify to do business in any state[.]" *Rust v. Johnson*, 597 F.2d 174, 177 (9th Cir. 1979). To the extent state law is to the contrary, as Mr. Home asserts, it must yield to federal law under the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2 (federal law "shall be the supreme Law of the Land . . . , any Thing in the Constitution or Laws of any State to

the Contrary notwithstanding"); *see Rust*, 597 F.2d at 177 ("State legislation must yield under the supremacy clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs."); *Pliva, Inc. v. Mensing*, --- S. Ct. ---, 2011 WL 2472790, at *10 (June 23, 2011) ("The Supremacy Clause, on its face, makes federal law 'the supreme Law of the Land' even absent an express statement by Congress.").

Mr. Home further asserts that Fannie Mae lacks standing because it has no valid title to the properties at issue. According to Mr. Home, chain of title has been broken because Mortgage Electronic Registration Systems, Inc. (MERS) was not a "holder in due course" to the underlying notes and therefore could not effectively transfer title to Fannie Mae. The Court finds that Fannie Mae has presented sufficient evidence to establish its ownership of the properties at issue. *See* Doc. 1-6. In short, Fannie Mae has standing to bring this action and seek injunctive relief against Defendants.

**IT IS ORDERED:**

1. Pursuant to the stipulation between Fannie Mae and Defendant Marshall Home, as stated on the record at the hearing, and the absence of opposition by IRP, Fannie Mae's motion (Doc. 4) is treated as one for a preliminary injunction. For reasons stated above and on the record, the motion is **granted**.

2. Defendants and any others who may be in active concert or participation with them who receive actual or constructive notice of this order, including, but not limited to, employees, members, agents, and spouses of Defendants, are, pending further order of the Court, **enjoined** from the following:

(i) Doing business under the names of "Federal National Mortgage Association," "Fannie Mae," "FNMA," or any other confusingly similar variation of the name "Federal National Mortgage Association";

(ii) Executing any documents on behalf of "Federal National Mortgage

Association," "Fannie Mae," "FNMA," or any other confusingly similar variation of the name "Federal National Mortgage Association";

       (iii) Using the names "Federal National Mortgage Association," "Fannie Mae," "FNMA," or any other similar variation of the name "Federal National Mortgage Association" in any capacity whatsoever;

       (iv) Recording or causing to be recorded any special warranty deed or any instrument attempting to convey title or impact property ownership related to any property currently owned or hereinafter acquired by Fannie Mae;

       (v) Holding themselves out as representatives, agents, or employees of "Federal National Mortgage Association," "Fannie Mae," "FNMA," or any other confusing similar variation of the name "Federal National Mortgage Association";

       (vi) Transferring the name "Federal National Mortgage Association" that Defendant Marshall Home registered with the Arizona Secretary of State to any individual or entity, or taking any action regarding the name "Federal National Mortgage Association" registered with the Arizona Secretary of State;

       (vii) Taking any action to further impact title to the real properties referenced in the Complaint (with the exception of properties 10, 18, and 19 (*see* Doc. 36 at 2 n.1) or any other real properties owned or hereafter acquired by Fannie Mae. Such enjoined actions include, but are not limited to, selling, conveying, financing, refinancing, encumbering, leasing, or transferring title to any such properties;

       (viii) Taking any other action to circumvent this order and the rights of Fannie Mae with regard to real properties owned by Fannie Mae.

    3. Defendants are further **ordered** to withdraw all of the Special Warranty Deeds (Exhibits F1-28 to the Complaint), and Defendants and any others who may be in active concert or participation with them who receive actual or constructive notice of this order, including, but not limited to, employees, members, agents, and spouses of Defendants, are enjoined from taking any action to re-record the Special Warranty Deeds

with the applicable County Recorder's office until further order of the Court.

4. This order and preliminary injunction is conditioned upon Fannie Mae posting a security bond in the amount of **$5,000.00** by **July 6, 2011**. This security bond shall serve as security for payment of such costs and damages as may be incurred or suffered by Defendants if they are later found to have been wrongfully enjoined and restrained.

5. Fannie Mae, by **July 6, 2011**, shall provide notice and file a copy of this order and preliminary injunction to the Maricopa County Recorder's Office, the Pima County Recorder's Office, and the Arizona Secretary of State.

6. The motion to dismiss (Doc. 33) is **denied**.

7. The Court will set a case management conference by separate order.

Dated this 1st day of July, 2011.

*David G. Campbell*
United States District Judge