**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>            Plaintiff,<br><br>vs.<br><br>Marshall E. Home; Independent Rights Party,<br><br>            Defendants. | No. CV11-01227-PHX-DGC<br><br>**ORDER** |

      Plaintiff Federal National Mortgage Association ("Fannie Mae") brought its complaint (Doc. 1) after Defendants Marshall E. Home and Independent Rights Party used the name "Federal National Mortgage Association" to execute special warranty deeds transferring a number of Fannie Mae-owned properties to Defendants. On September 22, 2011, the Court entered default judgment against Defendants on all seven counts, found Plaintiff entitled to statutory damages in the amount of $141,200, entered a permanent injunction against Defendants, invalidated the special warranty deeds filed by Defendants, and cancelled Home's registration of the trade name "Federal National Mortgage Association" with the Arizona Secretary of State. Doc. 50. The Court granted Plaintiff's request to seek attorneys' fees in accordance with Local Rule of Civil Procedure 54.2. *Id.* at 5.

      Plaintiff has filed a motion for attorneys' fees and costs. Doc. 51. No response has been filed, and the time for filing one has passed. *See* LRCiv 54.2(b)(3).

Plaintiff seeks $70,192.50 in attorneys' fees and $1,219.00 in costs against Defendants pursuant to A.R.S. § 33-420(A). That section provides:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property . . . reasonable attorney fees and costs of the action.

A.R.S. § 33-420(A).

Given the default judgment against Defendants on all counts in the complaint, including count three which alleged Defendants' wrongful efforts to claim an interest in and purport to hold title to the property evidenced by the special warranty deeds in violation of A.R.S. § 33-420(A), Plaintiff clearly is entitled to a fee award under that section. *See Allied Mortg. Group, Inc. v. Peter Strojnik, P.C.*, No. CV-08-0376, 2009 WL 2581400 at *5 (Ariz. App. Aug. 20, 2009). Having reviewed Plaintiff's supporting memorandum (Doc. 51, at 3-11) and counsel's declaration and statement of fees and costs (Docs. 51-1, 51-2, 51-3), the Court finds the requested fees and costs to be reasonable and appropriate.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees and costs (Doc. 51) is **granted**.

2. Plaintiff is awarded attorneys' fees in the amount of **$70,192.50** and costs in the amount of **$1,219.00**.

Dated this 3rd day of January, 2012.

_____
David G. Campbell
United States District Judge