**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>Plaintiff,<br><br>vs.<br><br>Marshall Home; Independent Rights Party,<br><br>Defendants. | No. CV11-1227-PHX-DGC<br><br>**ORDER** |

The Court has received a document from Defendant Marshall Home titled "Preliminary Report." Doc. 56. The report accuses Plaintiff's counsel of fraud and the Court of misrepresenting its status. The report does not address other matters in this case.

Attached to this order are the following documents: Entry of Default, Final Judgment, and Permanent Injunction Order (Doc. 50); Order (granting attorneys' fees and in the amount of $70,192.50 and costs in the amount of $1,219.00) (Doc. 52), and Notice of Lodging of Form of Judgment (with attached form of judgment) (Docs. 53, 53-1). Because it appears Defendant was incarcerated when each of these items was filed, he may not have had notice of Plaintiff's request for the orders. If Defendant wishes to seek relief from these orders, he shall do so on or before **May 4, 2012.**

Dated this 5th day of April, 2012.

*David G. Campbell*
David G. Campbell
United States District Judge

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>Plaintiff,<br><br>vs.<br><br>Marshall E. Home; Independent Rights Party,<br><br>Defendants. | No. CV11-01227-PHX-DGC<br><br>**ORDER** |

Plaintiff Federal National Mortgage Association ("Fannie Mae") brought its complaint (Doc. 1) after Defendants Marshall E. Home and Independent Rights Party used the name "Federal National Mortgage Association" to execute special warranty deeds transferring a number of Fannie Mae-owned properties to Defendants. On September 22, 2011, the Court entered default judgment against Defendants on all seven counts, found Plaintiff entitled to statutory damages in the amount of $141,200, entered a permanent injunction against Defendants, invalidated the special warranty deeds filed by Defendants, and cancelled Home's registration of the trade name "Federal National Mortgage Association" with the Arizona Secretary of State. Doc. 50. The Court granted Plaintiff's request to seek attorneys' fees in accordance with Local Rule of Civil Procedure 54.2. *Id.* at 5.

Plaintiff has filed a motion for attorneys' fees and costs. Doc. 51. No response has been filed, and the time for filing one has passed. *See* LRCiv 54.2(b)(3).

Plaintiff seeks $70,192.50 in attorneys' fees and $1,219.00 in costs against Defendants pursuant to A.R.S. § 33-420(A). That section provides:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property . . . reasonable attorney fees and costs of the action.

A.R.S. § 33-420(A).

Given the default judgment against Defendants on all counts in the complaint, including count three which alleged Defendants' wrongful efforts to claim an interest in and purport to hold title to the property evidenced by the special warranty deeds in violation of A.R.S. § 33-420(A), Plaintiff clearly is entitled to a fee award under that section. *See Allied Mortg. Group, Inc. v. Peter Strojnik, P.C.*, No. CV-08-0376, 2009 WL 2581400 at *5 (Ariz. App. Aug. 20, 2009). Having reviewed Plaintiff's supporting memorandum (Doc. 51, at 3-11) and counsel's declaration and statement of fees and costs (Docs. 51-1, 51-2, 51-3), the Court finds the requested fees and costs to be reasonable and appropriate.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees and costs (Doc. 51) is **granted**.

2. Plaintiff is awarded attorneys' fees in the amount of **$70,192.50** and costs in the amount of **$1,219.00**.

Dated this 3rd day of January, 2012.

David G. Campbell
United States District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Marshall E. Home; Independent Rights Party,<br><br>　　　　Defendant. | CASE NO.  CV11-1227-PHX DGC<br><br>**ENTRY OF DEFAULT, FINAL JUDGMENT, AND PERMANENT INJUNCTION ORDER** |

This Court has considered the Motion for Entry of Default, Final Judgment, and Permanent Injunction made by Plaintiff FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae").  When Defendants did not respond to the motion, the Court entered an order requiring them to respond by September 9, 2011.  Doc. 46. Despite this additional time, Defendants have not answered the complaint, responded to the motion, or otherwise complied with the Court's orders.  See Docs. 43, 47.  Having considered the *Eitel* factors and good cause appearing, the Court grants the Motion and enters the following Final Judgment and Permanent Injunction.

**IT IS ORDERED:**

1.　Plaintiff's motion for entry of default is **granted.**

2.　Default judgment is entered in favor of Plaintiff and against Defendants on

DLA Piper LLP (US)
Phoenix

Counts One through Seven of the Complaint.

3. Plaintiff Fannie Mae is awarded $141,200.00 in statutory damages pursuant to A.R.S. § 33-420(A) and 12 U.S.C. § 1723a(e).

4. Defendants and any others who may be in active concert or participation with them who receive actual or constructive notice of this Order, including, but not limited to, employees, members, agents, and spouses of Defendants, are **permanently enjoined** from the following:

(i) Doing business under the names of "Federal National Mortgage Association," "Fannie Mae," "FNMA," or any other confusingly similar variation of the name "Federal National Mortgage Association";

(ii) Executing any documents on behalf of "Federal National Mortgage Association," "Fannie Mae," "FNMA," or any other confusingly similar variation of the name "Federal National Mortgage Association";

(iii) Using the names "Federal National Mortgage Association," "Fannie Mae," "FNMA," or any other similar variation of the name "Federal National Mortgage Association" in any capacity whatsoever;

(iv) Recording or causing to be recorded any special warranty deed or any instrument attempting to convey title or impact property ownership related to any property currently owned or hereinafter acquired by Fannie Mae;

DLA Piper LLP (US)
Phoenix

(v) Holding themselves out as representatives, agents, or employees of "Federal National Mortgage Association," "Fannie Mae," "FNMA," or any other confusing similar variation of the name "Federal National Mortgage Association";

(vi) Transferring the name "Federal National Mortgage Association" that Defendant Marshall Home registered with the Arizona Secretary of State to any individual or entity, or taking any action regarding the name "Federal National Mortgage Association" registered with the Arizona Secretary of State;

(vii) Taking any action to further impact title to the real properties referenced in the Complaint (with the exception of Properties No. 10 and 19 (*see* Doc. 36 at 2 n.1)) or any other real properties owned or hereafter acquired by Fannie Mae. Such enjoined actions include, but are not limited to, selling, conveying, financing, refinancing, encumbering, leasing, or transferring title to any such properties;

(viii) Taking any other action to circumvent this Order and the rights of Fannie Mae with regard to real properties owned by Fannie Mae.

5. Each of the Special Warranty Deeds filed and recorded by Defendants with respect to the property listed on the Schedule of Properties attached hereto as **Exhibit A** (the "Properties") shall be and is hereby declared void and is of no effect pursuant to A.R.S. § 33-420(A). Defendants shall execute a separate Quit Claim Deed for each of the Properties and record each such

-3-

Quit Claim Deeds with the appropriate county recorder's office on or before August 19, 2011. Should Defendants fail to execute and record the Quit Claim Deeds with the appropriate recorder's office on or before September 30, 2011, each of the Special Warranty Deeds filed and recorded by Defendants set forth in Exhibits F1-28 to the Complaint (excluding Exhibits F10 and 19) shall be and are hereby declared void and of no effect pursuant to A.R.S. § 33-420(A), and Plaintiff shall be entitled to thereafter record a copy of this Order with the appropriate recorders' offices to formally quiet title to each of the Properties. Plaintiff's filing of this Order with the appropriate recorder's office shall have the legal effect of judicially transferring title of these Properties to Plaintiff and forever extinguishing any claim to title that Defendants may make in or to any of the Properties.

6. Defendant Marshall Home's registration of the trade name "Federal National Mortgage Association" with the Arizona Secretary of State shall and is hereby void and cancelled pursuant to 12 U.S.C. § 1723a(e). Within five days of entry of this Order, Plaintiff shall provide a copy of this Order to the Arizona Secretary of State.

7. Plaintiff is entitled to post-judgment interest at a rate of .19% from the date judgment is entered until the date the judgment is paid pursuant to 18 U.S.C. § 1961.

8. Plaintiff's security bond shall be released by the clerk of the court upon entry of this Order.

-4-

9. Plaintiff may file a motion for attorneys' fees in accordance with Local Rule of Civil Procedure 54.2. Memoranda and supporting materials shall be filed with the motion.

10. The Motion to Vacate (Doc. 48) is **denied as moot**.

Dated this 22nd day of September, 2011.

_____
David G. Campbell
United States District Judge

DLA PIPER LLP (US)
PHOENIX

# EXHIBIT A

## SCHEDULE OF PROPERTIES

1. 17001 North 58th Way, Scottsdale, AZ  85254

2. 4205 East Molly Lane, Cave Creek, AZ  85331

3. 33621 North Rifleman, Cave Creek, AZ  85331

4. 11833 East Carol Avenue, Scottsdale, AZ  85259

5. 2019 West Wescott, Phoenix, AZ  85027

6. 5961 West Sack Drive, Glendale, AZ 85308

7. 14837 East Cerro Alto Drive, Fountain Hills, AZ  85268

8. 6711 North 19th Street, Phoenix, AZ  85016

9. 6087 North 85th Drive, Glendale, AZ  85305

10. 7615 West Crocus Drive, Peoria, AZ  85381

11. 15416 West Mercer Lane, Surprise, AZ  85379

12. 14262 West Shaw Butte Drive, Surprise, AZ  85739

13. 23258 North 88th Avenue, Peoria, AZ  85383

14. 9144 West Quail Avenue, Peoria, AZ  85382

15. 4529 East Renee Drive, Phoenix, AZ  85050

16. 6032 East Skinner, Cave Creek, AZ  85331

17. 4007 East Topeka Drive, Phoenix, AZ

18. 15252 West Banff Lane, Surprise, AZ  85379

19. 26220 North 40th Place, Phoenix, AZ  85050

20. 3051 West Mexico Street, Tucson, AZ  85746

21. 3225 East Mountainaire Drive, Tucson, AZ

22. 3226 County Road 136, Saint Cloud, MN

23. 6207 West Winchomb Drive, Scottsdale, AZ

24. 1942 West 74th Street, Los Angeles, CA  90047

25. 10280 North 10th Avenue, Blythe, CA

26. 3330 South Gilbert Road, Unit 2091, Chandler, AZ

Case 2:11-cv-01227-DGC Document 530 Filed 04/05/21 Page 10 of 16

| | |
|---|---|
| 1 | Mark A Nadeau (Bar No. 011280) |
| | mark.nadeau@dlapiper.com |
| 2 | Cynthia A. Ricketts (Bar No. 012668) |
| | cindy.ricketts@dlapiper.com |
| 3 | Allison L. Kierman (Bar No. 024414) |
| | allison.kierman@dlapiper.com |
| 4 | DLA PIPER LLP (US) |
| | 2525 East Camelback Road, Suite 1000 |
| 5 | Phoenix, AZ  85016-4232 |
| | Tel:  480.606.5100 |
| 6 | Fax:  480.606.5101 |

Attorneys for Plaintiff
FEDERAL NATIONAL MORTGAGE ASSOCIATION

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | CASE NO.  2:11-cv-01227-DGC |
| Plaintiff, | **NOTICE OF LODGING OF FORM OF JUDGMENT** |
| v. | |
| Marshall E. Home; Independent Rights Party, | |
| Defendant. | |

Plaintiff FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae") hereby files the attached Form of Judgment (Exhibit A) with the clerk of court, requesting judgment be entered on the Court's January 3, 2012 Order granting Fannie Mae's motion for attorneys' fees and costs and awarding Fannie Mae attorneys' fees in the amount of $70,192.50 and non-taxable costs in the amount of $1,219.00 [Doc. 52] plus interest at the rate of 12%.

DATED this 13th day of January, 2012.

        DLA PIPER LLP (US)

        By <u>s/Allison L. Kierman        </u>
         MARK A NADEAU
         CYNTHIA A. RICKETTS
         ALLISON L. KIERMAN
         Attorneys for Plaintiff
         FEDERAL NATIONAL MORTGAGE
         ASSOCIATION

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing as well as via email.

       Marshall E Home
       3051 W. Mexico St.
       Tucson, AZ 85746-2141

By: s/ Katherine Sieckman

DLA Piper LLP (US)
Phoenix

# EXHIBIT A

| | |
|---|---|
| 1 | Mark A Nadeau (Bar No. 011280) |
| | mark.nadeau@dlapiper.com |
| 2 | Cynthia A. Ricketts (Bar No. 012668) |
| | cindy.ricketts@dlapiper.com |
| 3 | Allison L. Kierman (Bar No. 024414) |
| | allison.kierman@dlapiper.com |
| 4 | DLA PIPER LLP (US) |
| | 2525 East Camelback Road, Suite 1000 |
| 5 | Phoenix, AZ  85016-4232 |
| | Tel:  480.606.5100 |
| 6 | Fax:  480.606.5101 |
| 7 | Attorneys for Plaintiff |
| | FEDERAL NATIONAL MORTGAGE |
| 8 | ASSOCIATION |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | CASE NO.  2:11-cv-01227-DGC |
| Plaintiff, | **JUDGMENT ON ATTORNEYS' FEES** |
| v. | |
| Marshall E. Home; Independent Rights Party, | |
| Defendant. | |

Plaintiff FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae") hereby requests the Clerk of Court enter Judgment in Fannie Mae's favor and confirming the Court's January 3, 2012 Order granting Fannie Mae's motion for attorneys' fees and costs [Doc. 52].

Defendants Marshall E. Home and Independent Rights Party are hereby ordered to pay Fannie Mae attorneys' fees in the amount of $70,192.50 and non-taxable costs in the

1 amount of $1,219.00. Interest shall accrue on the outstanding balance of these amounts at
2 the rate of 12% from January 3, 2012 until paid in full.

      DATED this ____th day of January, 2012.