**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>Plaintiff,<br><br>v.<br><br>Marshall Home; Independent Rights Party,<br><br>Defendants. | No. CV11-1227-PHX-DGC<br><br>**ORDER** |

Plaintiff Federal National Mortgage Association ("FNMA") brought this action to enjoin Defendants from using the name "Federal National Mortgage Association," which they had registered in Arizona, to record warranty deeds purporting to transfer FNMA properties to Defendants. Doc. 4. Defendant Marshal Home now argues, for a variety of reasons, that FNMA lacks standing and that this case should be dismissed. Doc. 59.

**I.     Background.**

During a hearing on June 30, 2011, in which Mr. Home participated by phone from Chicago, the Court entered a preliminary injunction as requested by FNMA. Docs. 38, 60. The Court's reasons for the injunction were set forth in detail on the record. Doc. 60 at 19-24. The Court also denied a motion to dismiss filed by Defendants. Doc. 38.

During the June 30 hearing, the Court explained to Mr. Home that Defendant Independent Rights Party must be represented by an attorney in this action, and that a

default judgment likely would be entered against it if an attorney did not appear on its behalf. Doc. 60 at 32. The Court also explained to Mr. Home that a case management conference would be scheduled by the Court, that Mr. Home would be required to participate in a Rule 26(f) meeting before the conference, and that a schedule for the litigation would be set at the conference. *Id.* at 33-34. Mr. Home stated that he would be returning to Arizona the next day and would participate in setting a schedule for the case. *Id.* at 13, 34.

The Court did set a case management conference (Doc. 43), but Defendants failed to participate in the Rule 26(f) meeting and failed to appear at the conference (Docs. 47, 49). In addition, Defendants failed to answer the complaint. As a result, the Clerk entered default against Defendants on August 9, 2011. Doc. 45.

FNMA moved for entry of a default judgment against Defendants. Doc. 44. When Defendants did not respond to the motion, the Court entered an order requiring a response by September 9, 2011. Doc. 46. Defendants did not respond. In light of Defendants' failure to file an answer, failure to participate in the Rule 26(f) conference, failure to appear at the case management conference, and failure to respond to the motion for default judgment, the Court granted the motion and entered default judgment against both Defendants. Doc. 50. FNMA moved for an award of attorneys' fees, Defendants did not respond, and the Court granted the award. Doc. 52.

The Court subsequently received a filing from Mr. Home suggesting that he had been incarcerated. Doc. 56. As a result, the Court noted that Defendants may not have been aware of the motions and orders entered in this case, and gave them until May 4, 2012, to seek relief from the Court's order. Doc. 57. Defendant Home responded by filing a document which he describes as a rebuttal to the prima facie presentation of June 30, 2011, and a motion to dismiss. Doc. 59.

Defendant's document makes several arguments. The Court will address them individually.

## II.  Defendant Home's Arguments.

First, Defendant argues that the United States Congress does not have authority to regulate states and individuals. Defendant sets forth selected quotations from the Constitution, federal statutes, and Supreme Court cases, and concludes with this assertion: "The above facts and judicial decisions conclusively rebuts the prima facie presumption that the federal government has authority over the states and the people who created it." Doc. 59 at 4.

Second, Defendant contends that he is a "sovereign," that he has never surrendered his status as a sovereign, and that "a sovereign is not subject to any real or imaginary statutory regulation or quasi laws enacted by any state legislature or Congress, all of which was created by the People." *Id*. at 7 (emphasis added).

Third, Defendant argues that he is a man, not a "person," and that statutes regulating persons therefore do not apply to him. *Id*. at 8-9.

Fourth, Defendant appears to contend that he is not a "resident" and therefore not subject to state regulation.

Fifth, Defendant argues that FNMA "is a corporation sponsored by politicians and Congress which [is] headquartered in Washington, D.C.," and "[a]s such, it is merely a foreign corporation to the other American States." *Id.* at 9. Defendant asserts that FNMA has "cost the people over $500 billion," that it is required to pay transfer excise taxes, and that it has no authority to operate in Arizona. *Id*. at 9-11.

Sixth, Defendant contends that federal statutes are merely agency regulations and that this Court is "a mere administrative court." *Id*. at 12. As a result, Defendant asserts that "the Judge and the . . . lawyers are revealed as actors acting as a court, and exposed like the Wizard of Oz hiding behind a curtain of deceit." *Id*. at 12.

Seventh, Defendant asserts that the Court does not have authority to act for the State of Arizona, that FNMA's attorneys lack standing to seek attorneys' fees, that Defendant is not a person subject to the authority of this Court, and that the hourly rates charged by Plaintiff's attorneys are unreasonable. *Id*. at 13-14.

Eighth, Defendant asserts that this Court broke a promise made to Defendant at the June 30, 2011 hearing that Defendant would be afforded a jury trial.

**III.    Analysis.**

Defendant Home's arguments are frivolous.  It is beyond dispute that the United States Congress has power to regulate the conduct of citizens such as Mr. Home, that Mr. Home is not entitled to sovereign immunity, that the statutes governing FNMA, as discussed at the June 30, 2011 hearing, are not mere administrative regulations, and that this Court is not merely an administrative court.  For reasons explained on the record at the June 30, 2011 hearing, FNMA has authority to conduct business in Arizona and standing to bring this action.  Doc. 60 at 19-24.  As also explained at the hearing, Congress has prohibited Mr. Home and the Independent Rights Party from doing business under the name Federal National Mortgage Association.  *Id.*

Mr. Home has provided no basis for his assertion that the hourly rates charged by FNMA's attorneys are unreasonable (Doc. 59 at 13), and the Court previously found those rates and the hours expended on this case to be reasonable (Doc.52).  Moreover, the Court did not "promise" Mr. Home a jury trial during the June 30, 2011 hearing.  Mr. Home stated that he was not interested in a preliminary injunction hearing because he really wanted to present his case to a jury.  The Court repeated this position to Mr. Home to ensure that the Court clearly understood he was waiving his right to a preliminary injunction hearing.  Doc. 60 at 29.  The Court said:  "But let's come back to the point I wanted to get a clear answer from you on.  Is it correct that *you are saying* that you do not wish to have another preliminary injunction hearing like this in the next ten days?  You're willing to have this function as that hearing and have us instead put in place a schedule that will get you to a jury trial as soon as possible?"  *Id.* (emphasis added).  Mr. Home confirmed that he was waiving his right to a preliminary injunction hearing.  *Id.* at 30.  As a result, the Court entered a preliminary injunction rather than a temporary restraining order.  Doc. 38.  The Court explained to Mr. Home that a case management conference would be set to establish a schedule for resolving this litigation and that he

would be required to participate. Doc. 60 at 33-34. As noted above, Mr. Home did not participate.

## IV.   Conclusion.

Mr. Home's document provides no explanation for his failure to file an answer, participate in the Rule 26(f) conference, participate in the case management conference, respond to FNMA's motion for default judgment, or respond to FNMA's motion for attorneys' fees. He has provided no basis for setting aside the Court's previous orders. As a result, those orders will remain in place, including the final judgment (Doc. 50) and the award of attorneys' fees and costs (Doc. 52).

**IT IS ORDERED** that Defendant Marshal Home's rebuttal to prima facie case and motion to dismiss (Doc. 59) is **denied**.

Dated this 23rd day of May, 2012.

_____
David G. Campbell
United States District Judge

- 5 -